UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

JOAN M. HOWARD,

    Plaintiff,

v.

CLIENT SERVICES, INC.,

    Defendant.
_____/

## COMPLAINT
## JURY DEMAND

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant mailed a letter into this District.

## PARTIES

3. Plaintiff, JOAN M. HOWARD, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, CLIENT SERVICES, INC., ("CSI") is a corporation formed under the laws of the State of Missouri and citizen of the State of Missouri with its principal place of business at 3451 Harry South Truman Boulevard, St. Charles, Missouri 63301.

5. Defendant is registered with the Florida Department of State Division of Corporations as a foreign corporation. Its registered agent for service of process is the Corporation Service Company, 1201 Hayes Street, Tallahassee, Florida 32301.

6. Defendant is registered with the Florida Office of Financial Regulation as a consumer collection agency.

7. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8. Defendant regularly collects or attempts to collect debts for other parties.

## FACTUAL ALLEGATIONS

9. Defendant sought to collect from Plaintiff an alleged debt stemming from a credit card Plaintiff used for personal, family and household purposes.

10. On or about August 18, 2017, Defendant mailed a letter to Plaintiff regarding the alleged debt, a true copy of which is attached as Exhibit "A".

11. The letter was the first communication Plaintiff received from Defendant regarding the alleged debt.

12. On information and belief, the letter was the first communication Defendant sent to Plaintiff regarding the alleged debt.

13. The FDCPA requires a debt collector to state in the initial letter "the name of the creditor to whom the debt is owed…" 15 U.S.C. §1692g(a)(2).

14. The letter states in relevant part "Re: Chase Bank USA, N. A."

15. The letter does not expressly state the name of the alleged creditor.

16. Numerous courts have held that the appearance of a presumed creditor's name described by only the word "re" is insufficient to comply with 15 U.S.C. §1692g(a)(2). *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317 (Seventh Circuit, 2017); "Thus, the Court finds the fact that the caption February 13, 2015 Letter lists [re] John T. Mather Hospital is not, without more explanation, sufficient to satisfy Section 1692g(a)(2) because it does not identify the Hospital as the Plaintiff's current creditor." *Datiz v. Int'l Recovery Assocs.*, 2016 U.S. Dist. LEXIS 102695, *29-30 (E. D. New York, 2016); and *Eun Joo Lee v. Forster & Garbus LLP*, 926 F. Supp. 2d 48230 ( E. D. New York, 2013).

17. Plaintiff is harmed by the inability to know with certainty the identity of the party to whom she is allegedly indebted.

## COUNT I
## FAILURE TO STATE THE NAME OF THE CREDITOR TO WHOM THE DEBT IS OWED

18. Plaintiff incorporates Paragraphs 1 through 17.

19. Defendant's letter fails to state the name of the creditor to whom the alleged debt is owed in violation of 15 U.S.C. §1692g(a)(2).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## **JURY DEMAND**

Plaintiff demands trial by jury.

>DONALD A. YARBROUGH, ESQ.
>Attorney for Plaintiff
>Post Office Box 11842
>Ft. Lauderdale, FL 33339
>Telephone: 954-537-2000
>Facsimile: 954-566-2235
>don@donyarbrough.com

>By: s/ Donald A. Yarbrough
>Donald A. Yarbrough, Esq.
>Florida Bar No. 0158658